IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| PETER J. TOALE, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:10-CV-0212 |
| THE CHEESECAKE FACTORY, INC. and MARK POOR | ) Judge Campbell |
| Defendants. | ) |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

Defendants, The Cheesecake Factory, Inc. and Mark Poor file this Motion to Dismiss pursuant to Rules 12(b)(1) and 12 (b)(6) of the Federal Rules of Civil Procedure.

### I. SUMMARY OF THE RELEVANT FACTS

Plaintiff filed this Complaint on March 4, 2010 against The Cheesecake Factory, Inc. ("TCFI") and Mark Poor ("Poor") (collectively "Defendants"). See generally, *Complaint ("Compl.")*. When Plaintiff filed the Complaint, he failed to attach a copy of the Right-To-Sue Notice ("RTS") he received from the Equal Employment Opportunity Commission ("EEOC"). See *id.* In the Complaint, Plaintiff alleges that he received the RTS on **December 9, 2009**. See *id.* at ¶ 7.

By Order dated, March 9, 2010, this Court ordered Plaintiff to file a copy of the RTS, as required by 42 U.S.C. § 2000e-5(f) (1). See *[Docket Entry # 3]*. Plaintiff, pursuant to this Court's Order, filed a copy of his RTS on March 29, 2010. See *[Docket Entry # 7]*. The RTS Plaintiff filed with the Court indicates that it was mailed to Plaintiff on **November 20, 2009,** but does not indicate that Poor was a Respondent before the

EEOC.  *Id.*  An August 7, 2009 letter from Mr. Toale to the EEOC, attached to and incorporated into the Complaint, likewise does not identify Poor as a Respondent before the EEOC.  See *Compl. at pp. 6-10*.

Finally, the address listed in the Complaint for Plaintiff—2026 Fiona Way, Spring Hill TN  37174—is the exact same address listed on the RTS.  See *id at ¶ 2 and p. 10*; [Docket Entry #7] Notably, Plaintiff's Complaint does not allege any difficulty or any other issues related to receiving the RTS.  See generally, *Compl.*

## II.    ARGUMENT

### A. PLAINTIFF'S CLAIMS AGAINST POOR SHOULD BE DISMISSED PURSUANT TO RULE 12(B)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE.

*1.    The Rule 12(B) (1) Standard.*

Rule 12(b) (1) provides for dismissal when the court lacks jurisdiction over the subject matter of the lawsuit.  Lack of subject matter jurisdiction may be raised at any time either by a litigant or the court.  *Mansfield, C. & L.M.R. Co. v. Swan,* 111 U.S. 379, 382 (1884).  In determining whether jurisdiction exists, the Court may consider the pleadings, as well as outside evidence.  *Richmond, Fredericksburg & Potomac R.R. Co. v. United States,* 945 F.2d 765, 768-69 (4th Cir. 1991).  The Court should apply the standard applicable to a motion for summary judgment, and the moving party should prevail if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.  *Trentacosta v. Frontier Pacific Aircraft Indus.,* 813 F.2d 1553, 1558 (9th Cir. 1987) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 323-24 (1986)).

### 2. *Plaintiff failed to Exhaust his Administrative Remedies against Poor.*

All of the information that this Court needs to dismiss Poor is contained in the RTS. Assuming, without conceding, that Plaintiff may pursue a claim under the ADA or Title VII against Poor, Plaintiff certainly cannot pursue these claims in this instance. Here, Plaintiff has failed to exhaust his administrative remedies for these claims with respect to Poor. Accordingly, this Court has no subject matter jurisdiction over these claims.

Before a plaintiff may file an ADA claim or Title VII claim in a lawsuit, he or she must first file an administrative charge of discrimination with the EEOC. *See* 42 U.S.C. § 2000e-5(f)(1) (stating charge-filing requirement for Title VII claims); 42 U.S.C. § 12117(a) (incorporating and applying Title VII's procedural requirements to ADA claims); *Sheaffer v. County of Chatham*, 337 F. Supp. 2d 709, 723 (M.D.N.C. 2004); *Bonilla v. Muebles J.J. Alvarez, Inc.,* 194 F.3d 275 (1st Cir. 1999) ("Prior to bringing [an ADA] claim in federal court, a plaintiff must exhaust her administrative remedies by bringing her claim before the EEOC."). Recent cases from other circuits confirm that a plaintiff's failure to file a charge with the EEOC and to exhaust the EEOC's administrative processes "deprives the federal courts of subject-matter jurisdiction over the claim." <u>See, e.g.</u> *Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009). "Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent . . .lawsuit." *Evans*, 80 F.3d at 963; *Bryant v. Bell Atl. Md., Inc.*, 288 F.3d 124, 132-133 (4th Cir. 2002).

Additionally, the defendants named in the Complaint must have been respondents at the EEOC level. See, e.g. *Boden v. U.S. Amada Ltd.*, 978 F. Supp. 657, 658-59 (E.D.N.C. 1997) ("Prior to bringing an ADA action, Plaintiff must satisfy the jurisdictional prerequisites of filing a Charge of Discrimination with the EEOC which identifies **each named defendant as a respondent**.")(emphasis added); *Causey v. Balog*, 162 F.3d 795, 800 (4th Cir. 1994) (affirming dismissal of claims under Title VII and ADEA against individuals who were not named as respondents in the charge of discrimination). See also, *Ganthier v. North Shore – Long Island Jewish Health System*, 298 F. Supp. 2d 342, 347 (E.D.N.Y. 2004) (same);

Plaintiff clearly did not file a separate EEOC Charge or joint charge against Poor. Plaintiff's Charge was filed solely against TCFI. Under principles of administrative exhaustion, Plaintiff's Complaint must be limited to the scope of the EEOC investigation reasonably expected to grow out of the charge of discrimination. Civil Rights Act of 1964, § 706(d), as amended, 42 U.S.C.A. § 2000e-5(e). Because Plaintiff failed to exhaust his administrative remedies against Poor, all of Plaintiff's claims against Poor must be dismissed.

- B. **PLAINTIFF'S CLAIMS SHOULD BE DISMISSED PURSUANT TO RULE 12(B)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE BECAUSE THE COMPLAINT WAS FILED MORE THAN 90 DAYS AFTER THE DATE PLAINTIFF RECEIVED THE RTS.**

   1. **Standard for Motion to Dismiss Pursuant to Rule 12(b) (6)**

A Motion to Dismiss pursuant to Rule 12(b)(6) is proper when the moving party demonstrates that Plaintiff can prove no set of facts in support of its claim that will entitle her to relief. Fed. R. Civ. P. 12(b) (6); *Cooper v Cash*, 20 F. Supp. 2d 1204, 1208 (W.D.

Tenn. 1998), *aff'd in part, vacated in part (on other grounds),* 203 F.3d 937(6th Cir. 2000) (citing *Windsor v Tennessean*, 719 F.2d 155, 158 (6th Cir. 1983), *cert. denied* 469 U.S. 826 (1984)). Dismissal is proper where "an affirmative defense or other bar to relief is apparent from the face of the Complaint." *Id*., citing 2A *J. Moore & J. Lucas, Moore's Federal Practice* 12.07[2-5] (2d Ed. 1989). Where the Complaint reveals that Plaintiff's claims are barred by an affirmative defense, such as a statute of limitations, those claims should be disposed of on a motion to dismiss. *See, e.g., Sutton v Aluminum Co. of America*, 500 F. Supp. 824 (E.D. Tenn. 1980). Notably, documents attached or incorporated into pleadings are deemed to be part of the pleading and may be considered under Rule 12 (b)(6) without converting the Motion to a Summary Judgment Motion. See Fed. R. Civ. P. 10 (c).

    2.    *Plaintiff's Complaint is time-barred because it was not filed within 90 days of receipt of the RTS.*

This Court must dismiss this lawsuit because Plaintiff did not file it within the statutory period. Under Title VII and the ADA, a plaintiff must file suit within ninety days from the date notice is given of the right to sue. 42 U.S.C. 2000e-5(f) (1); see also *Cleveland Newspaper Guild v. Plain Dealer Publishing Co.*, 839 F.2d 1147, 1150 (6th Cir. 1988). In the Sixth Circuit,

> notice is *given*, and hence the ninety-day limitations term **begins running, on the fifth day following the EEOC's mailing** of an RTS notification to the claimant's record residential address, by virtue of a presumption of actual delivery and receipt within that five-day duration, unless the plaintiff rebuts that presumption with proof that he or she did not *receive* notification within that period.

(emphasis added). *Graham-Humphreys v. Memphis Brooks Museum of Art*, 209 F.3d 552, 557 (6th Cir. 2000). Since the EEOC mailed the RTS on November 20, 2009, as

established above, Plaintiff's ninety-day period began running on November 25, 2009. Thus, plaintiff was required to file this lawsuit by February 23, 2010 or his claims would be forever time barred. Plaintiff filed this lawsuit on March 4, 2010, 99 days after the EEOC issued his RTS-- **nine days beyond** the statutory period permitted in this Circuit.

As noted by the Supreme Court, "procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants." *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984). In another decision, the Supreme Court further explained the justification for this rule: "experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1982). Absent compelling equitable considerations, a court should not extend limitations by even a single day. *Johnson v. United States Postal Svc.*, 863 F.2d 48, 1988 WL 122962, at *3 (6th Cir. Nov. 16, 1988) (copy attached as Exhibit A).

### 3. Equitable tolling does not apply in this instance.

Based on Plaintiff's failure to file this action in a timely manner, this Court must dismiss Plaintiff's Complaint unless he can successfully invoke the doctrine of equitable tolling. Although the 90-day limitations period in Title VII is subject to equitable tolling, it will be tolled only in compelling cases that justify a departure from established procedures. *Puckett v. Tennessee Eastman Co.*, 889 F.2d 1481, 1488 (6th Cir. 1989). It should apply only when the litigant's failure to satisfy a deadline resulted from circumstances beyond his control. *Baldwin County Medical Center v. Brown*, 466 U.S. 147, 151 (1984).

The Sixth Circuit has identified five factors to evaluate in determining whether equitable tolling should apply: (1) lack of actual notice; (2) lack of constructive knowledge; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) plaintiff's reasonableness in remaining ignorant of the notice requirement. *EEOC v. Kentucky State Police Dep't*, 80 F.3d 1086, 1094 (6th Cir. 1996). This list is not exhaustive, however, and each factor may not be material in every case. See *Graham-Humphreys*, 209 F. 3d at 561. Application of these factors to this case demonstrates that equitable tolling is clearly inappropriate in this instance.[1] Moreover, there are no facts in Plaintiff's Complaint giving rise to the existence of an equitable tolling basis.

Plaintiff has set forth no facts in his Complaint to explain why he did not have actual notice. There was no confusion about Plaintiff's address: the address on Plaintiff's Complaint is the same address to which the RTS was mailed. See *Complaint ¶ 2; [Docket Entry #7]*. There is no allegation that the letter was returned as undeliverable. There is no allegation of diligence or other explanation of Plaintiff's lateness in his Complaint. In fact, Plaintiff's Complaint does not acknowledge that the Complaint is late at all.

In sum, there is simply not a single fact Plaintiff can point to in support of a claim that his deadline should be extended. Even if he did not actually see the RTS until some time later than the five day presumption, the presumption still establishes the statutory period. See generally *Graham-Humphreys*, 209 F. 3d 552, 557.

---

[1] The law is clear that the Court may not toll a filing deadline solely for absence of prejudice, and that absence of prejudice is not an independent basis for invoking the equitable tolling doctrine. See *Andrews v. Orr*, 851 F. 2d 146, 151 (6th Cir. 1988). For purposes of this Motion, Defendants concede that prejudice is minimal, although it does exist.

## CONCLUSION

For the reasons set forth herein, Defendants The Cheesecake Factory, Inc. and Mark Poor, respectfully request that this Court enter an Order dismissing Plaintiff's Complaint in its entirety with prejudice.

Submitted on May 11, 2010.

Respectfully submitted,

/s/ Luther Wright, Jr.
Luther Wright, Jr., 07626
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
SunTrust Plaza
401 Commerce Street, Suite 1200
Nashville, TN 37219-2446
Telephone: 615.254.1900
Facsimile: 615.254.1908

Attorneys for Defendants

# CERTIFICATE OF SERVICE

I hereby certify that on this the 11th day of May, 2010 the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system and U.S. Mail upon the following:

Peter J. Toale
2026 Fiona Way
Spring Hill, TN 37174


/s/ Luther Wright, Jr.
Luther Wright, Jr.


8586132.1 (OGLETREE)