```
                UNITED STATES DISTRICT COURT
             FOR THE MIDDLE DISTRICT OF TENNESSEE
                      NASHVILLE DIVISION

PETER J. TOALE,                    )
                                   )
      Plaintiff,                   )
                                   )
      v.                           )    NO. 3:10-0212
                                   )    Judge Campbell/Bryant
THE CHEESECAKE FACTORY, INC.,      )
and MARK POOR,                     )
                                   )
      Defendants.                  )
```

**TO: The Honorable Chief Judge Todd J. Campbell**

### REPORT AND RECOMMENDATION

Defendants, The Cheesecake Factory, Inc. and Mark Poor, have filed their Motion To Dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure (Docket Entry No. 18). Plaintiff has filed his response in opposition (Docket Entry No. 24).

For the reasons stated below, the undersigned Magistrate Judge recommends that defendants' motion to dismiss be granted, and that the complaint be dismissed.

### Statement of the Case

Plaintiff Peter J. Toale, who is proceeding pro se, has filed his complaint for employment discrimination pursuant to Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e, et al.) (Docket Entry No. 1). Plaintiff alleges that he was employed at The Cheesecake Factory restaurant located in the Green Hills Mall in Nashville, and that defendants unlawfully discriminated against him between January 1, 2007 and June 30, 2008. In paragraph number

8 of his form complaint, plaintiff fails to check any box indicating the basis for the defendants' alleged discrimination but instead merely indicates that he was discriminated against by "harassment." Similarly, paragraph number 9 of this form complaint, which includes several lines as space where plaintiff can describe the circumstances of the alleged discrimination, is wholly blank. The complaint includes as an attachment a copy of a letter dated August 7, 2009, signed by plaintiff and addressed to "Ms. Martin." This letter, consisting of five typewritten pages, appears to have been written in furtherance of plaintiff's charge of employment discrimination before the Equal Employment Opportunity Commission ("EEOC"). This letter purports to be plaintiff's account of certain events occurring during his employment with defendant The Cheesecake Factory, and indicates that defendant Poor was also employed by The Cheesecake Factory and, at least at times, had supervisory responsibility over plaintiff.

## **Defendants' Motion To Dismiss**

Defendants in their motion to dismiss advance two arguments. First, defendants argue that plaintiff has failed to exhaust his administrative remedies against defendant Poor because plaintiff has failed to lodge a charge of employment discrimination against Poor with the EEOC. Defendants argue that plaintiff's failure to name defendant Poor in the EEOC charge deprives this

2

Court of subject-matter jurisdiction of a claim against him. Second, defendants argue that plaintiff's complaint is barred by the applicable statute of limitations because he has not filed his complaint within ninety days of the date he is presumed to have received his "right-to-sue" notice from the EEOC.

In his response in opposition, plaintiff, without elaboration or further explanation, states as follows: "Plaintiff did file the proper paperwork in the correct time frame," and "Mark Poor is a proper Defendant in this action." (Docket Entry No. 24).

## **Analysis**

<u>Failure to exhaust administrative remedies</u>. Filing a charge of employment discrimination with the EEOC, while not a jurisdictional bar, is a condition precedent to filing a civil action in federal court based on Title VII. 42 U.S.C. § 2000e-5(f)(1); <u>Wixon v. Dowagiac Nursing Home</u>, 866 F.Supp 1047 (W.D. Mich. 1994), <u>aff'd</u>, 87 F.3d 164 (6th Cir. 1996). Filing a charge of discrimination with the EEOC is also a prerequisite to filing a claim of age discrimination pursuant to the Age Discrimination Employment Act. 42 U.S.C. § 12117(a). The undersigned Magistrate Judge finds that the record before the Court fails to indicate that plaintiff filed an EEOC charge of discrimination naming defendant Mark Poor. For this reason, the undersigned Magistrate Judge finds that plaintiff has failed to exhaust his administrative remedies

3

against defendant Poor and, therefore, that his complaint against defendant Poor must be dismissed.

In addition, although not argued by defendant, the undersigned Magistrate Judge finds that, under Sixth Circuit law, an individual employee supervisor who does not otherwise qualify as an "employer," may not be held personally liable under Title VII. Wathen v. General Elec. Co., 115 F.3d 400, 405 (6th Cir. 1997). For this additional reason, the undersigned Magistrate Judge finds that the complaint against defendant Poor must be dismissed.

<u>The bar of the statute of limitations</u>. Defendants further argue that plaintiff's complaint was untimely and therefore barred by the statute of limitations. Title VII requires that a plaintiff must file his civil action within ninety days of receiving the "right-to-sue" letter from the EEOC. See 42 U.S.C. § 2000e-5(f)(1). Federal courts have strictly enforced this ninety-day statutory limit. See Baldwin County Welcome Center v. Brown, 466 U.S. 147, 152 (1984). Because it often cannot be determined to a certainty when a claimant receives his right-to-sue letter, the Sixth Circuit has resolved that notice is given, and hence the ninety-day limitations begins running, on the fifth day following the EEOC's mailing of a right-to-sue letter to the claimant's residential address. Banks v. Rockwell Intern. N. Am. Aircraft Operations, 855 F.2d 324, 325-27 (6th Cir. 1988).

Here, the record before the Court indicates that the

4

EEOC's right-to-sue letter was mailed to plaintiff on November 20, 2009 (Docket Entry No. 7). Therefore, under the Sixth Circuit's presumption, this letter was received by plaintiff no later than November 25, 2009. The ninety-day statute of limitations period commenced to run from that date and expired on Wednesday, February 24, 2010. According to the record, plaintiff's complaint was not filed until Thursday, March 4, 2010. Therefore, on its face the complaint is barred by the ninety-day statutory limitations.

The five-day presumption of receipt of the right-to-sue letter observed by the Sixth Circuit is a rebuttable one, and is subject to the doctrine of equitable tolling. However, the Supreme Court has held that the doctrine of equitable tolling should only be applied in cases in which a plaintiff's failure to satisfy the deadline resulted from circumstances beyond his control. See <u>Baldwin County Welcome Center</u>, 466 U.S. at 151. The plaintiff here has made no such showing. His complaint is wholly silent regarding any circumstances bearing on the timeliness of his filing his complaint. Similarly, his response in opposition to the defendants' motion to dismiss contains only the bare, conclusory assertion that "[p]laintiff did file the proper paperwork in the correct time frame" (Docket Entry No. 24). In the absence of any explanatory facts, the undersigned Magistrate Judge finds no basis for the application of the doctrine of equitable tolling or for a finding that the presumption of receipt of the right-to-sue letter

5

within five days of its mailing has been rebutted. Therefore, the undersigned Magistrate Judge finds that the complaint on its face is barred by the ninety-day statute of limitations and, therefore, that the complaint fails to state a claim upon which relief can be granted and must be dismissed.

### **RECOMMENDATION**

For the reasons stated above, the undersigned Magistrate Judge **RECOMMENDS** that defendants' motion to dismiss be **GRANTED** for failure to exhaust administrative remedies against defendant Mark Poor, and for failure to state a claim upon which relief can be granted against either defendant, and, therefore, that the complaint be **DISMISSED**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from service of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).

**ENTERED** this 28th day of January 2011.

                                                      <u>s/ John S. Bryant</u>
                                                      JOHN S. BRYANT
                                                      United States Magistrate Judge